**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLIINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: |
| RAVINIA BREWING COMPANY, LLC; RAVINIA BREWING COMPANY CHICAGO, LLC; and RAVINIA FESTIVAL ASSOCIATION, a not-for-profit corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME the Plaintiffs, GRAPHIC ARTS MUTUAL INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY, by and through their attorneys, Jill B. Lewis of Marasa Lewis, Ltd., and for their Complaint for Declaratory Judgment against defendants, RAVINIA BREWING COMPANY LLC, RAVINIA BREWING COMPANY CHICAGO, LLC, and RAVINIA FESTIVAL ASSOCIATION, allege as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions pertaining to an actual and justiciable controversy between the parties involving the availability of insurance coverage to Ravinia Brewing Company LLC and Ravinia Brewing Company Chicago LLC under commercial general liability policies of insurance issued by Graphic Arts Mutual Insurance Company and commercial liability

umbrella policies of insurance issued by Utica Mutual Insurance Company to Ravinia Brewing Company LLC and Ravinia Brewing Company Chicago LLC.

2.     Graphic Arts Mutual Insurance Company and Utica Mutual Insurance Company seek a declaration that they owe no duty to defend, indemnify or otherwise provide insurance coverage to Ravinia Brewing Company LLC or Ravinia Brewing Company Chicago, LLC under said policies of insurance for losses incurred in connection with a trademark infringement lawsuit entitled *Ravinia Festival Association v. Ravinia Brewing Company LLC, et al.,* filed in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 23:CV-15322 ("underlying lawsuit").

## THE PARTIES

3.     Plaintiff, Graphic Arts Mutual Insurance Company ("Graphic Arts"), is a citizen of the State of New York as it is a New York insurance company with its principal place of business located at 180 Genesee Street, New Hartford, New York 13413.

4.     Plaintiff, Utica Mutual Insurance Company ("Utica Mutual"), is a citizen of the State of New York as it is a New York insurance company with its principal place of business located at 180 Genesee Street, New Hartford, New York 13413.

5.     Defendant, Ravinia Brewing Company LLC ("RBC"), is a citizen of Illinois as it is an Illinois limited liability company with its principal place of business located at 957 Judson Avenue, City of Highland Park, County of Lake, State of Illinois.

6.     Upon information and belief, Kris Walker is a member of RBC and is a

–2–

citizen of Illinois as he is domiciled in the City of Highland Park, County of Lake, State of Illinois.

7.      Upon information and belief, Jeff Hoobler is a member of RBC and is a citizen of Illinois as he is domiciled in the City of Highland Park, County of Lake, State of Illinois.

8.      Defendant, Ravinia Brewing Company Chicago, LLC ("RBC Chicago") is a citizen of Illinois as it is an Illinois limited liability company with its principal place of business located at 2601 West Diversey, Chicago, Illinois.

9.      Upon information and belief, Andrew Devlin, Athena Hoobler, Jeffrey R. Hoobler, Brian Taylor and Kris Walker are all members of RBC Chicago and are all citizens of Illinois as they are each domiciled in the City of Highland Park, County of Lake, State of Illinois.

10.     Ravinia Festival Association ("Ravinia Festival") is a citizen of Illinois as it is an Illinois not-for-profit corporation with its principal place of business in Highland Park, Illinois and is named as a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure as it is the claimant in the underlying lawsuit.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) because (a) complete diversity exists between the plaintiffs, on the one hand, and defendants, on the other hand, as they are citizens of different states; and (b) the amount in controversy, including the potential costs of defending and indemnifying

RBC and RBC Chicago in the underlying lawsuit wherein Ravinia Festival is seeking "actual and punitive damages, costs, reasonable attorneys' fees and interest" for various state and federal trademark statutes, common law trademark infringement and state and federal trademark dilution, well exceeds $75,000.

12. Venue is proper in this District, pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events giving rise to RBC's and RBC Chicago's claims for coverage under the policy issued by Graphic Arts occurred within this District and, pursuant to 28 U.S.C. 1391 (b)(1), (d), because defendants reside in this District.

## BACKGROUND FACTS

### The Underlying Trademark Infringement Complaint

13. On October 25, 2023, Ravinia Festival filed a multi-count complaint against RBC and RBC Chicago in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 23-CV-15322. (The Underlying Complaint is attached hereto as **Exhibit A**).

14. On May 29, 2024, Ravinia Festival filed a first amended complaint, adding Ravinia Brewing IP LLC ("RBIP") as a party defendant but asserting the same causes of action as the original complaint (the "underlying complaint"). (The First Amended Complaint is attached hereto as **Exhibit B**).

15. The underlying complaint alleges that Ravinia Festival owns and uses the registered trademark RAVINIA under U.S. Reg. No. 3,916,753 U and U.S. Reg. No. 3,913,884 in connection with "musical performances, and restaurant, beverage, and catering services, among other things."

16. The underlying complaint further alleges that Ravinia has "invested significant time, funds and effort toward developing, marketing and commercializing its Ravinia [trademark] and toward establishing the Ravinia [trademark] as a source identifier."

17. Ravinia Festival alleges that, in or about 2017 and/or 2018, RBC approached Ravinia Festival about entering into an arrangement to sell RBC's beer at Ravinia and also discussed RBC's plan to open a small, beer focused restaurant and bar near Ravinia's venue in Highland Park.

18. Ravinia Festival agreed not to object provided RBC agree to comply with "simple guidelines intended to minimize potential consumer confusion as to the lack of any relationship" between Ravinia and RBC's local restaurant in a "2018 Agreement."

19. Ravinia Festival alleges that RBC breached the 2018 Agreement by: (a) forming a new business, RBC Chicago, and expanding their restaurant and bar to Logan Square in Chicago; (b) sponsoring musical performances under the Ravinia trademark without disclaimers in its marketing materials; (c) falsely implying an association with Ravinia Festival and the Ravinia trademark; (d) posting photos of beer being consumed at Ravinia Festival and referencing Ravinia Festival and its events in advertising for its food and other products on their social media; (e) in 2023, introducing a music-themed beer, "Key Strokes" with can art featuring a grand piano on its label using colors associated with the Ravinia Festival; and (f) ignoring the relative size requirements for the words "Ravinia" and "Brewing Company" on RBC's product labeling and signage.

20.     Ravinia Festival further alleges that RBC and RBC Chicago are not authorized to use the Ravinia trademark in connection with food and beverages and the promotion of musical performances and that their conduct is a willful violation and infringement of Ravinia's trademark rights in the Ravinia trademark to benefit unfairly for commercial purposes.

21.     As a result of RBC and RBC Chicago's alleged conduct, Ravinia Festival alleges the following causes of action:

I.      Count I - Infringement of Federally Registered Trademarks (Lanham Act 32, 15 U.S.C. 1114) is brought against RBC and RBIP and alleges RBC's use of the unauthorized imitation of the Ravinia Mark is a "knowing, willful and intentional infringement of Ravinia's trademark rights" that has diminished the value of the Ravinia trademark and goodwill and business reputation of Ravinia Festival and has caused irreparable harm to Ravinia Festival entitling it to injunctive relief and actual and punitive damages, costs, reasonable attorneys' fees and interest under the Lanham Act;

II.     Count II - Infringement of Federally Registered Trademarks (Lanham Act 32, 15 U.S.C. 1114) is brought against RBC Chicago and RBIP and alleges RBC Chicago's use of the unauthorized imitation of the Ravinia Mark is a "knowing, willful and intentional infringement of Ravinia's trademark rights" that has diminished the value of the Ravinia trademark and goodwill and business reputation of Ravinia Festival and has caused irreparable harm to Ravinia Festival entitling it to injunctive relief and actual and punitive damages, costs, reasonable attorneys' fees and interest under the Lanham Act;

III.    Count III - False Designation of Origin (Lanham Act 43(a), 15 U.S.C. 1125 (a)) is brought against RBC and RBIP and alleges RBC's promotion and sale of its brewery and music-related products and services is likely to cause confusion and mistake and to deceive consumers as to the origin, sponsorship or affiliation of the parties' products and services constitutes false designation of origin and is a "knowing, willful, and intentional violation of Ravinia's valuable trademark rights" which has caused irreparable harm to Ravinia Festival entitling it to injunctive relief and actual

–6–

and punitive damages, costs, reasonable attorneys' fees and interest under the Lanham Act;

IV.     Count IV - False Designation of Origin (Lanham Act 43(a), 15 U.S.C. 1125 (a)) is brought against RBC Chicago and RBIP and alleges RBC Chicago's promotion and sale of its brewery and music-related products and services is likely to cause confusion and mistake and to deceive consumers as to the origin, sponsorship or affiliation of the parties' products and services constitutes false designation of origin and is a "knowing, willful, and intentional violation of Ravinia's valuable trademark rights" which has caused irreparable harm to Ravinia Festival entitling it to injunctive relief and actual and punitive damages, costs, reasonable attorneys' fees and interest under the Lanham Act;

V.      Count V - Federal Trademark Dilution (Lanham Act 43(c), 15 U.X.C. 1125 (c) is brought against RBC and RBIP and alleges RBC wrongfully and intentionally caused a dilution of the Ravinia trademark in violation of the Lanham Act;

VI.     Count VI - Federal Trademark Dilution (Lanham Act 43(c) 15 U.X.C. 1125 (c) is brought against RBC Chicago and RBIP and alleges wrongful and intentional dilution of the Ravinia trademark in violation of the Lanham Act;

VII.    Violation of Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, et seq.) is brought against RBC and RBC Chicago and alleges willful and intentional use of confusing and deceptive imitations of the Ravinia trademark constitutes unfair or deceptive business practices under the Act;

VIII.   Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, et seq.) is brought against RBC, RBC Chicago and RBIP and alleges willful and intentional use of the Ravinia trademark that is likely to cause confusion or misunderstanding and constitutes unfair or deceptive business practices under the Act;

IX.     Common Law Unfair Competition is brought against RBC, RBC Chicago and RBIP and alleges defendants' use or confusing imitation of the Ravinia trademark constitutes unfair competition under Illinois common law;

X.      Common Law Trademark Infringement is brought against RBC, RBC Chicago and RBIP and alleges defendants' use or confusing imitation of the Ravinia trademark in connection with the

promotion and sale of their products and services is a knowing, willful, and intentional violation of Ravinia Festival's common law trademark rights; and

XI. Trademark Dilution Under Illinois Trademark Registration and Protection Act (765 ILCS 1036/65) is brought against RBC, RBC Chicago and RBIP and alleges defendants' knowing, willful and intentional use of the Ravinia trademark creates a false association between their products and services and the Ravinia Festival and/or Ravinia trademark, diluting the Ravinia trademark in violation of the Act.

22. The underlying complaint seeks to (a) permanently enjoin RBC and RBC Chicago from "manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise offering for sale any product" using the protected Ravinia trademark; (b) take affirmative steps to dispel false impressions created by defendants' infringement of the Ravinia trademark; (c) account for and pay to Ravinia Festival compensatory damages, common law damages, state and federal statutory damages, and punitive damages; (d) destroy all infringing products in their possession or control; and (e) file and serve a sworn statement stating the manner and form in which defendants have complied with any injunction.

## The Graphic Arts Commercial General Liability Policies

23. Graphic Arts issued a Commercial Package Policy to RBC and RBC Chicago under Policy No. CPP 5521585 effective July 1, 2022 to July 1, 2023. Graphic Arts subsequently issued two renewal policies for the periods of January 1, 2023 to January 1, 2024 and January 1, 2024 to January 1, 2025 (all three policies are collectively referred to as the "CGL Policies"). Certified copies of the CGL Policies are attached hereto as **Exhibit C, Exhibit D,** and **Exhibit E**, respectively.

24.    The CGL Policies include Commercial General Liability Coverage Form (CG 00 01 04 13), as modified by the General Liability Extension Endorsement (8-E-3548 Ed. 07-2011).

25.    The CGL Coverage Form includes coverage for Bodily Injury and Property Damage (Coverage A) and Personal and Advertising Injury (Coverage B).

26.    The underlying complaint does not allege nor seek damages for Bodily Injury or Property Damage, as those terms are defined in the CGL Policies, and therefore, does not fall within the scope of Coverage A under the CGL Policies.

27.    The CGL Policies provide the following coverage in Section I:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

   **1.**   **Insuring Agreement**

      **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. * * *

      **b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

28.    The CGL Policies contain the following exclusions from coverage for Personal and Advertising Injury Liability:

   **2.**   **Exclusions**

   This Insurance does not apply to:

**a.    Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

\* \* \*

**c.    Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

**f.    Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

\* \* \*

**i.    Infringement of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement or copyright, patent, trademark, trade secret or other intellectual property rights.  Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."

However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

\* \* \*

**l.    Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in

–10–

your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

29.     The CGL Policies contain the following conditions of coverage in Section

IV, as modified by the General Liability Extension Endorsement:

**2.      Duties in the Event of Occurrence, Offense, Claim or Suit**

> **a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> > (1)     How, when and where the "occurrence" or offense took place;
> >
> > (2)     The names and address of any injured persons and witnesses; and
> >
> > (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> * * *
>
> **b.**     If a claim is made or "suit" is brought against any insured, you must:
>
> > (1)     Immediately record the specifics of the claim or "suit" and the date received; and
> >
> > (2)     Notify us as soon as practicable
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> This paragraph b. will be considered to have been violated only if the violation occurs after the claim or "suit" is known to:
>
> * * *
>
> > (3)     A member or manager, if you are a limited liability company.

30.     The CGL Policies contain the following definitions in Section V, as modified by the General Liability Extension Endorsement:

1.      "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a.   Notices that are published include material placed on the internet or on similar electronic means of communication; and

   b.   Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

* * *

14.     "Personal and advertising injury" means injury, including mental anguish, shock or humiliation other than "bodily injury" arising out of one or more of the following offenses:

* * *

6.      The use of another's advertising idea in your "advertisement"; or

7.      Infringing upon another's copyright, trade dress or slogan in your "advertisement."

**The Utica Mutual Commercial Liability Umbrella Policies**

31.     Utica Mutual issued a Commercial Liability Umbrella Policy to RBC and RBC Chicago under Policy No. CULP 5528477 effective July 1, 2022 to July 1, 2023. Utica Mutual subsequently issued two renewal umbrella policies for the policy periods of January 1, 2023 to January 1, 2024 and January 1, 2024 to January 1, 2025

(collectively referred to as the "Umbrella Policies"). Certified copies of the Umbrella Policies are attached hereto as **Group Exhibit F**.

32.     The Umbrella Policies include coverage for Bodily Injury and Property Damage (Coverage A) and Personal and Advertising Injury (Coverage B); however, the underlying complaint does not allege nor seek damages for Bodily Injury or Property Damage, as those terms are defined in the Umbrella policies, and therefore, does not fall within the scope of Coverage A.

33.     On each of the Umbrella Policies, the CGL Policies are included in the "Supplemental Schedule of Underlying Insurance" with $1,000,000 limits of liability for "Personal and Advertising Injury."

34.     The Umbrella Policies provide the following coverage in Section I:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1.     **Insuring Agreement**

     a.     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. * * * However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. * * *

     b.     This insurance applies to "personal and advertising injury" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "personal and advertising

injury" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

35. The Umbrella Policies contain the following exclusions from coverage for Personal and Advertising Injury Liability:

**2. Exclusions**

This Insurance does not apply to:

**a. "Personal and advertising injury":**

**(1) Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

\* \* \*

**(3) Material Published Prior to Policy Period**

Arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

**(5) Contractual Liability**

Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

\* \* \*

**(6)** **Infringement of Copyright, Patent, Trademark Or Trade Secret**

Arising out of the infringement or copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."

However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

\* \* \*

**(12)** **Unauthorized Use Of Another's Name Or Product**

Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

36.    The Umbrella Policies contain the following conditions of coverage in Section IV:

\*   \*   \*

**3.**    **Duties in the Event of Occurrence, Offense, Claim or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and address of any injured persons and witnesses; and

      (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.**    If a claim is made or "suit" is brought against any insured, you must:

      (1)     Immediately record the specifics of the claim or "suit" and the date received; and

      (2)     Notify us as soon as practicable

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

37.    The Umbrella Policies contain the following definitions in Section V:

    1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

      a.    Notices that are published include material placed on the internet or on similar electronic means of communication; and

      b.    Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

                        \* \* \*

    14.   "Personal and advertising injury" means injury, including mental anguish, shock or humiliation other than "bodily injury" arising out of one or more of the following offenses:

    \* \* \*

      f.    The use of another's advertising idea in your "advertisement"; or

      **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement."

\* \* \*

19.    "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention," whichever applies.

\* \* \*

23.    "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24.    "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance."

## RBC and RBC Chicago Notify Graphic Arts of the Underlying Complaint

38.    On November 8, 2023, RBC and RBC Chicago notified Graphic Arts of the original complaint and advised it had been served with summons.

39.    On December 8, 2023, Graphic Arts notified RBC and RBC Chicago that it had determined there was no defense or indemnity coverage available for losses incurred in connection with the underlying complaint and requested RBC and RBC Chicago withdraw their tender.

40.    On December 13, 2023, and on several dates thereafter, RBC and RBC Chicago requested an extension of time from Graphic Arts to withdraw their tender during which time they agreed to not assert any "delay, estoppel or bad faith" claims or arguments against Graphic Arts.

41.    Graphic Arts agreed to all requests for an extension of time to withdraw the tender, agreeing to a final extension date of March 1, 2024.

42.    To date, RBC and RBC Chicago have not withdrawn their tender for defense and indemnification coverage from Graphic Arts.

**COUNT I**
**DECLARATORY JUDGMENT**
**NO COVERAGE UNDER THE CGL POLICIES**

43.    Plaintiff, GRAPHIC ARTS MUTUAL INSURANCE COMPANY, adopts and re-alleges all of the facts and allegations contained in paragraphs 1 through 42 above as paragraph 43 of Count I, as though fully set forth herein.

44.    The Graphic Arts CGL Policies provide coverage for "Personal and Advertising Injury" but the underlying complaint does not fall or potentially fall within the definition of "Personal and Advertising Injury" as that term is defined in the CGL Policies and, therefore, Graphic Arts owes no coverage.

45.    "Personal and Advertising Injury" is defined to include "the use of another's advertising idea in your 'advertisement'" or "infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

46.    The underlying complaint is premised on RBC and RBC Chicago's knowing, willful and intentional conduct as well as trademark infringement under various theories of state and federal statutory violations and common law.

47.    Claims in the underlying complaint for consumer fraud, unfair competition, deceptive trade practices, false origin of designation, and trademark dilution do not fall within the scope of "personal and advertising injury."

48.     The definition of "personal and advertising injury" in the CGL Policies does not include trademark infringement and, as such, Graphic Arts owes no duty to defend or indemnify RBC and/or RBC Chicago in connection with the underlying complaint.

49.     The Insuring Agreement in the CGL Policies provides "personal and advertising injury" coverage only for offenses committed during the policy period, excluding all publications and material first published before July 1, 2022.

50.     The underlying complaint alleges that RBC and RBC Chicago's trademark infringement, publications and infringing materials first began in 2018, but does not allege any offenses that occurred during the policy periods of July 1, 2022 to July 1, 2023, January 1, 2023 to January 1, 2024, and January 1, 2024 to January 1, 2025 and, therefore, Graphic Arts owes no coverage to RBC and RBC Chicago for losses incurred in connection with the underlying complaint.

51.     Even if the underlying complaint falls within the scope of coverage for "personal and advertising injury," and the offenses occurred during the policy period, coverage would be excluded under one or more the following policy exclusions:

a.      The insured's **Knowing Violation Of Rights Of Another** precludes coverage since the underlying complaint is based on the knowing, willful and/or intentional conduct of RBC and RBC Chicago.;

b.      "Personal and advertising injury" arising out of **Material Published Prior to Policy Period** precludes coverage where the underlying complaint alleges the trademark infringement and publication of infringing material occurred prior to January 1, 2023;

c.  To the extent the underlying complaint alleges damages from RBC's **Breach of Contract** stemming from the 2018 Agreement, coverage is excluded;

d.  The insured's alleged **Infringement of Copyright, Patent, Trademark Or Trade Secret** precludes coverage for the underlying complaint which is based entirely on RBC and RBC Chicago's alleged trademark infringement and which is not based on "advertising ideas" from Ravinia Festival nor infringement in RBC's "advertisement" or trade dress; and

e.  The insureds' **Unauthorized Use Of Another's Name Or Product** in their emails, domain name or metatag, "or any other similar tactics to mislead" Ravinia Festival's potential customers.

52.  Graphic Arts denies any and all liability under the terms and provisions in the CGL Policies issued to RBC and RBC Chicago and contends it is not obligated to defend or indemnify any judgment entered against RBC or RBC Chicago or settlement reached by RBC, RBC Chicago and Ravinia Festival in connection with the underlying lawsuit and, as a result, Graphic Arts requests a judicial determination as to the rights and liabilities of the parties in this action.

53.  The above contentions of Graphic Arts are denied and disputed by defendants RBC and RBC Chicago who, in turn, contend that they are insured under the CGL Policies and that they are entitled to defense and indemnification coverage in connection with the underlying complaint.

54.  By reason of the foregoing, an actual and justiciable controversy exists between Graphic Arts and RBC and RBC Chicago which may be determined by judgment or order of the Court and that, pursuant to 28 U.S.C. § 2201 *et seq.,* this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the policies of insurance issued by Graphic Arts to

RBC and RBC Chicago with respect to the underlying lawsuit, to adjudicate the final rights of all parties and give such other and for all such further relief as may be necessary to enforce the same.

WHEREFORE plaintiff, GRAPHIC ARTS MUTUAL INSURANCE COMPANY, prays that this Court enter judgment in its favor and against defendants, RAVINIA BREWING COMPANY LLC and RAVINIA BREWING COMPANY CHICAGO, LLC, and enter an Order finding and declaring the rights of the parties as follows:

A.  That Graphic Arts owes no duty to defend RBC and/or RBC Chicago in the underlying lawsuit;

B.  That the underlying complaint does not trigger coverage under the Graphic Arts CGL Policies;

C.  That the underlying complaint does not allege any "personal and advertising injury" as defined under the CGL Policies;

D.  That the underlying complaint does not allege offenses occurring during the policy period of the CGL Policies;

E.  That Graphic Arts owes no duty to indemnify RBC and/or RBC Chicago in the underlying lawsuit;

F.  That Graphic Arts owes no coverage to RBC and/or RBC Chicago based on one or more of the foregoing policy exclusions; and

G.  Any and all other relief that this Court deems just and equitable under the facts and circumstances.

## COUNT II
## DECLARATORY JUDGMENT
## NO COVERAGE UNDER THE UMBRELLA POLICIES

55.  Plaintiff, UTICA MUTUAL INSURANCE COMPANY, adopts and re-

alleges all of the facts and allegations contained in paragraphs 1 through 54 above as paragraph 55 of Count II, as though fully set forth herein.

56.     Utica Mutual owes no duty to defend or indemnify RBC and/or RBC Chicago in the underlying lawsuit under the Umbrella Policies as the CGL Policies have not been exhausted.

57.     The Umbrella Policies provides coverage for "Personal and Advertising Injury" but the underlying complaint does not fall within the scope of such coverage.

58.     "Personal and Advertising Injury" is defined to include "the use of another's advertising idea in your 'advertisement'" or "infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

59.     The underlying complaint is premised on RBC and RBC Chicago's knowing, willful and intentional conduct as well as trademark infringement under various theories of state and federal statutory violations and common law.

60.     Claims in the underlying complaint for consumer fraud, unfair competition, deceptive trade practices, false origin of designation, and trademark dilution do not fall within the scope of "personal and advertising injury."

61.     The definition of "personal and advertising injury" in the Umbrella Policies does not include trademark infringement and, as such, Graphic Arts owes no duty to defend or indemnify RBC and/or RBC Chicago under the Umbrella Policies in the underlying lawsuit.

62.     The Insuring Agreement in the Umbrella Policies provides "personal and advertising injury" coverage only for offenses committed during the policy period,

excluding all infringement, publications and material first published and/or occurring prior to July 1, 2022.

63.     The underlying complaint alleges that RBC and RBC Chicago's trademark infringement, publications and infringing materials began in or before 2018 and issuance of first Utica Mutual umbrella policy on July 1, 2022 and the subsequent renewals and, therefore, Utica Mutual owes no coverage to RBC and RBC Chicago under the Umbrella Policies for losses incurred in connection with the underlying lawsuit.

64.     Even if the underlying complaint fell within the scope of coverage for "personal and advertising injury," and the offenses occurred during the policy period, coverage would be excluded under the following policy exclusions:

a.      The insured's **Knowing Violation Of Rights Of Another** precludes coverage since the underlying complaint is based on the knowing, willful and/or intentional conduct of RBC and RBC Chicago.;

b.      "Personal and advertising injury" arising out of **Material Published Prior to Policy Period** precludes coverage where the underlying complaint alleges the trademark infringement and publication of infringing material occurred prior to July 1, 2022;

c.      To the extent the underlying complaint alleges damages for RBC's **Contractual Liability** stemming from the 2018 Agreement, coverage is excluded;

d.      The insureds' alleged **Infringement of Copyright, Patent, Trademark Or Trade Secret** precludes coverage for the underlying complaint which is based entirely on RBC and RBC Chicago's alleged trademark infringement and which is not based on "advertising ideas" from Ravinia Festival nor infringement in RBC's "advertisement" or trade dress; and

e.     The insureds' **Unauthorized Use Of Another's Name Or Product** in their emails, domain name or metatag, "or any other similar tactics to mislead" Ravinia Festival's potential customers.

65.     Utica Mutual denies any and all liability under the terms and provisions in the Umbrella Policies issued to RBC and RBC Chicago and contends it is not obligated to defend or indemnify any judgment entered against RBC or RBC Chicago or settlement reached by RBC, RBC Chicago and Ravinia Festival in connection with the underlying complaint and, as a result, Utica Mutual requests a judicial determination as to the rights and liabilities of the parties in this action under the Umbrella Policies.

66.     The above contentions of Utica Mutual are denied and disputed by defendants RBC and RBC Chicago who, in turn, contend that they are entitled to defense and indemnification coverage under the Umbrella Policies in connection with the underlying lawsuit.

67.     By reason of the foregoing, an actual and justiciable controversy exists between Graphic Arts and RBC and RBC Chicago which may be determined by judgment or order of the Court and that, pursuant to 28 U.S.C. § 2201 *et seq.,* this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the policies of insurance issued by Utica Mutual to RBC and RBC Chicago with respect to the underlying complaint, to adjudicate the final rights of all parties and give such other and for all such further relief as may be necessary to enforce the same.

WHEREFORE plaintiff, UTICA MUTUAL INSURANCE COMPANY, prays that this Court enter judgment in its favor and against defendants, RAVINIA BREWING

COMPANY LLC and RAVINIA BREWING COMPANY CHICAGO, LLC, and enter an

Order finding and declaring the rights of the parties as follows:

   A.   That Utica Mutual owes no duty under the Umbrella Policies to defend RBC and/or RBC Chicago in connection with the underlying lawsuit;

   B.   That the underlying complaint does not trigger "bodily injury," "property damage" or "personal and advertising injury" coverage under the Umbrella Policies;

   C.   That the underlying complaint does not allege any "personal and advertising injury" as defined under the Umbrella Policies;

   D.   That the underlying complaint alleges publications and/or materials first published prior to the policy period rather than during the policy period of the Umbrella Policies;

   E.   That Utica Mutual owes no duty under the Umbrella Policies to indemnify RBC and/or RBC Chicago in connection with the underlying lawsuit;

   F.   That Utica Mutual owes no coverage under the Umbrella Policies to RBC and/or RBC Chicago based on one or more policy exclusions; and

   G.   Any and all other relief that this Court deems just and equitable under the facts and circumstances.

## COUNT III
## DECLARATORY JUDGMENT
## BREACH OF NOTICE PROVISIONS

68.     Plaintiffs, GRAPHIC ARTS MUTUAL INSURANCE COMPANY and

UTICA MUTUAL INSURANCE COMPANY, adopt and re-allege all of the facts and

allegations contained in paragraphs 1 through 67 above as paragraph 68 of Count III,

as though fully set forth herein.

69.     Under the terms and conditions of the CGL Policies and Umbrella

Policies, coverage is predicated on the insured providing timely notice of all offenses and "claims" which may result in a lawsuit.

70.     The underlying complaint alleges that all offenses were committed by RBC and RBC Chicago knowingly, willfully and intentionally.

71.     Accordingly, RBC and RBC knew or should have known as early as 2018 of the alleged infringement and offenses which form the basis of the underlying complaint.

72.     In addition, upon information and belief, members and/or managers of RBC and/or RBC Chicago knew or should have known of a potential claim long before the filing of the underlying complaint.

73.     RBC and RBC Chicago first provided notice of an offense and/or a claim that may result in a lawsuit on November 8, 2023.

74.     In breach of the "Duties in the Event of an Occurrence, Offense, Claim or Suit" provisions in the CGL Policies and Umbrella Policies,  RBC and RBC Chicago:

>   (a)     Failed to provide notice to Graphic Arts of the offenses alleged in the underlying complaint "as soon as practicable";
>
>   (b)     Failed to provide notice to Graphic Arts of a claim made by Ravinia Festival to one or more members and/or managers of RBC and RBC Chicago "as soon as practicable."

75.     As a direct and proximate result of RBC and RBC Chicago's failure to comply with the terms and conditions of the notice provisions in the CGL Policies and Umbrella Policies, Graphic Arts and Utica Mutual are relieved of their obligation to provide defense or indemnification coverage to RBC and RBC Chicago in connection with the underlying complaint.

76.    The above contentions of Graphic Arts and Utica Mutual are denied and disputed by defendants RBC and RBC Chicago who, in turn, contend that they are entitled to defense and indemnification coverage under the CGL policies and Umbrella Policies in the underlying lawsuit.

77.    By reason of the foregoing, an actual and justiciable controversy exists between Graphic Arts and Utica Mutual, on the one hand, and RBC and RBC Chicago, on the other hand, which may be determined by judgment or order of the Court and that, pursuant to 28 U.S.C. § 2201 *et seq.,* this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the policies of insurance issued by Graphic Arts and Utica Mutual to RBC and RBC Chicago with respect to the underlying complaint, to adjudicate the final rights of all parties and give such other and for all such further relief as may be necessary to enforce the same.

WHEREFORE plaintiffs, GRAPHIC ARTS MUTUAL INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY, pray that this Court enter judgment in their favor and against defendants, RAVINIA BREWING COMPANY LLC and RAVINIA BREWING COMPANY CHICAGO, LLC, and enter an Order finding and declaring the rights of the parties as follows:

A.    That RBC and/or RBC Chicago breached the notice provisions in the CGL Policies and Umbrella Policies by failing to provide timely notice "as soon as practicable" of the offenses upon which the underlying complaint is based;

B.    That RBC and/or RBC Chicago breached the notice provisions in the CGL Policies and Umbrella Policies by failing to provide timely

notice "as soon as practicable" of a claim that may result in a lawsuit;

C.    That coverage under the CGL Policies and Umbrella Policies is precluded as a result of RBC's and/or RBC Chicago's breach of the notice provisions;

D.    That Graphic Arts and Utica Mutual are relieved of any obligations they may have owed to provide coverage to RBC and RBC Chicago in connection with the underlying lawsuit;

E.    That Graphic Arts and Utica Mutual owes no duty under the CGL Policies and/or Umbrella Policies to defend or indemnify RBC and/or RBC Chicago as a result of their breaches of the notice provisions; and

F.    Any and all other relief that this Court deems just and equitable under the facts and circumstances.

Respectfully submitted,

MARASA LEWIS, LTD.

By:    */s/ Jill B. Lewis*
Attorneys for Plaintiff

Jill B. Lewis, Esq.
Kristine M. Barten, Esq.
Marasa Lewis, Ltd.
161 N. Clark Street
Suite 1600
Chicago, IL 60601
(312) 345-7226
jlewis@marasalewis.com
*Attorneys for Plaintiff*
    *Graphic Arts Mutual Insurance Company*